**Henry Earl DUNCAN, Petitioner,**

v.

**Warden of San Quentin State Prison, Arthur CALDERON, Respondent.**

**No. SA CV 92-1403 AHS.**

United States District Court, C.D. California.

Nov. 20, 1997.

Mitchell Zimmerman, Kathryn J. Fritz, Valarie M. Dawson, Fenwick & West, Palo Alto, CA, Richard C. Neuhoff, San Francisco, CA, for Petitioner.

Donald E. De Nicola, Emilio Eugene Varanini, IV, Office of Attorney General, Los Angeles, CA, for Respondent.

### *DEATH PENALTY CASE*

STOTLER, District Judge.

## ORDER FOLLOWING OCTOBER 6, 1997 STATUS CONFERENCE

A status conference having been duly held on October 6, 1997, the Court hereby orders as follows:

1. Petitioner's Motion for Reconsideration of this Court's Order of November 27, 1996, granting respondent's Motion to Vacate Order Granting Evidentiary Hearing and Setting Briefing Schedule, is granted; said November 27, 1996 Order is vacated and withdrawn, and respondent's Motion to Vacate Evidentiary Hearing and Dismiss Claims 5, 8, 12, 13 and 17 is denied.

2. The stay of proceedings entered on January 15, 1997 and continued on April 1, 1997 is vacated as of October 6, 1997.

3. Petitioner's request to withdraw his request for evidentiary hearing as to Claims 5, 8 and 13 of the Second Amended Petition for Writ of Habeas Corpus, in order that those claims may be decided based on the state court record, is granted. As agreed by the parties in their Joint Status Statement (filed Aug. 25, 1997), "[t]he state court record is understood to include all testimony, exhibits, declarations, transcripts, etc. that were admitted at trial and/or were presented to the California Supreme Court, as well as all motions, petitions, pleadings, memoranda, and briefs filed therein." (*Id.* 5:26–28.)

4. On or before November 24, 1997, petitioner shall file and serve his briefing as to Claims 5, 8 and 13.

5. On or before January 5, 1998, respondent shall file and serve its opposition briefing as to Claims 5, 8 and 13.

6. Petitioner's reply briefing, if any, shall be filed and served on or before January 20, 1998.

7. The parties' briefs are not to exceed 35 pages and may contain arguments on any matter believed to be relevant to the proper disposition of Claims 5, 8 and 13.

8. Hearing on Claims 5, 8, and 13 will be held on February 20, 1998 at 1:30 p.m. in this Court. Further hearing on those claims, if any, may be scheduled at that time.

9. Following resolution of Claims 5, 8 and 13, the Court will schedule a further status conference to consider such further proceedings as may be necessary and appropriate.